IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case Nos. 10-cr-00462-JLK-1; 16-cv-01647-JLK

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

JERRY CLARK,

    Defendant/Movant.

---

ORDER DENYING 28 U.S.C. § 2255 MOTIONS (ECF NO. 55 & 56)

---

Kane, J.

This matter is before me on Defendant Jerry Clark's *pro se* Motion Under 28 U.S.C. § 2255(f)(3) to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 55) and the [Amended] 28 U.S.C. § 2255 Motion to Vacate Sentence (ECF No. 56) filed on his behalf by the Federal Public Defender. Mr. Clark argues that, based on the holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his sentence should be vacated because it violates the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

In 2011, Mr. Clark pleaded guilty to distribution of a cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Since he had at least two prior felony convictions that classified as a "controlled substance offense" or a "crime of violence," his sentence was subject to enhancement under U.S. Sentencing Guideline § 4B1.1. The Guidelines applicable at the time of his sentencing defined a crime of violence as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that— (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

1

U.S.S.G. § 4B1.2(a) (emphasis added). The final provision of this definition, "or otherwise involves conduct that presents a serious potential risk of physical injury to another," is known as the residual clause and is identical to the ACCA clause the Supreme Court held to be unconstitutionally vague in *Johnson*. 135 S. Ct. at 2557. Mr. Clark argues that his prior convictions of attempted armed robbery and conspiracy to commit armed robbery in Illinois only qualify as crimes of violence under the residual clause, which he claims is void after the holding in *Johnson*.

The Judgment (ECF No. 51) and the Minute Entry from the sentencing hearing (ECF No. 50) show that I varied from the Guidelines in this case, imposing a non-Guideline sentence based on independent factors. As such, the holding in *Johnson* is not applicable to Mr. Clark's sentence, and whether his prior convictions were properly classified as crimes of violence under the Guidelines is not a pertinent inquiry. *See United States v. Kaimana*, Nos. 12-cr-00323-JLK & 16-cv-01222-JLK, slip op. at 7-10 (D. Colo. Aug. 25, 2016). Nevertheless, the Supreme Court recently held, in *Beckles v. United States*, No. 15-8544, 2017 WL 855781, *11 (U.S. Mar. 6, 2017), that the Guidelines are not subject to due process vagueness challenges and, consequently, that the residual clause of the Guidelines definition of crime of violence is not void. If I had sentenced Mr. Clark pursuant to the Guidelines, application of the career offender enhancement would have been proper, as his prior convictions continue to qualify as crimes of violence.

Mr. Clark's sentence is authorized by statute and does not violate his constitutional rights.[1] Accordingly, his Motions (ECF No. 55 & 56) are DENIED.  A court may issue a

---

[1] Because *Johnson* does not apply to Mr. Clark's sentence, I also find that his Motion is untimely under 28 U.S.C. § 2255(f)(3) and his claim is procedurally defaulted. For his Motion to be timely, he must have filed it within one year of when the judgment became final or of "the date on which the right asserted was initially recognized by the Supreme Court." Mr. Clark did not

certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Such a showing is made only where a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). After the holding in *Beckles*, I find that Mr. Clark has not made a substantial showing of the denial of a constitutional right. A certificate of appealability is, therefore, DENIED.

DATED this 27th day of March, 2017,

_____
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE

---

file his Motion within one year of when the judgment became final, and the right Mr. Clark asserts has not been recognized by the Supreme Court. His Motion is, thus, untimely. Further, Mr. Clark did not challenge classification of his prior convictions as crimes of violence at sentencing or on direct appeal. While he could show cause for why the issue was not previously raised, he cannot show actual prejudice or that a fundamental miscarriage of justice will occur if his claim is not now addressed. *See United States v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012). Consequently, Mr. Clark's claim based on *Johnson* is procedurally barred.